IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN D. PROWEL,

    Plaintiff

v.                                            CIVIL ACTION NO:

WISE BUSINESS FORMS, INC.,

    Defendant.                     **A JURY TRIAL IS DEMANDED**

## COMPLAINT IN CIVIL ACTION

### I. Preliminary Statement

    1.     Brian Prowel brings this civil action charging that he was subjected to sex discrimination, religious discrimination and retaliation by his employer, Wise Business Forms, Inc. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e-1 *et. seq.,* and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et. seq.* Prowel was subject to sex and religious discrimination in the terms and conditions of his employment by virtue of being subjected to a hostile work environment and his employment was terminated: (1) because of his gender; (2) because of his failure to conform to his employer's religious beliefs; and/or (3) in retaliation for complaining about such discrimination and for opposing practices made unlawful under Title VII and the PHRA.

### II. Jurisdiction and Venue

    2.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343, section 706(f) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f)(3), and the doctrines of pendant and supplemental jurisdiction.

3. All violations of Prowel's rights as alleged further herein occurred in the Western District of Pennsylvania. Venue is properly laid in the Western District of Pennsylvania under 28 U.S.C. § 1291(B).

**III. Parties**

4. Plaintiff Brian Prowel ("Prowel) is an adult male who currently resides within Allegheny County, Pennsylvania. He worked for Wise Business Forms Inc. from July 1991 through December 2004 when his employment was terminated.

5. Defendant Wise Business Forms, Inc. ("Wise") is a Pennsylvania corporation with a principal place of business at 150 Kreiss Road, Butler, Butler County, Pennsylvania 16001. At all times relevant hereto, defendant Wise, was acting by and through its duly authorized agents, and/or employees, who were then and there acting within the course and scope of their employment.

**IV. Statement of Facts**

6. Plaintiff Brian Prowel was employed at Wise Business Forms, Inc., from July 1991 through December 13, 2004 during which time he held the position of an operator of the "Nale Encoder". At all times relevant hereto he adequately performed his duties in that position. He was also qualified and experienced worked on other machinery at Wise.

7. In the course of his employment, plaintiff was routinely subjected to harassment based upon his sex, male, because he was perceived to be effeminate, and not meeting the stereotypes of what a male should look like and act.

8. In the course of his employment, plaintiff was also routinely subjected to harassment because of his failure to conform to his employer's religious beliefs.

Specifically, plaintiff was repeatedly told that his sexual orientation, that is because he was homosexual, meant that he was "a sinner" and that such orientation or sexual preference was inconsistent with the culture in a "good Christian company" like Wise.

9. Plaintiff complained about this sex and religious-based harassment to his supervisors. Despite such complaints, no meaningful or adequate action was taken to stop the harassment.

10. At one point, shortly before his employment was terminated, one of plaintiff's supervisors admonished him for allegedly having threatened to sue Wise Business Forms Inc., on account of the harassment he was experiencing.

11. On December 13, 2004, plaintiff received a letter notifying him that his employment was terminated effective December 26, 2004.

12. The correspondence contended that plaintiff's employment was terminated because his position was eliminated allegedly because there was a "lack of work". However, plaintiff was the only person laid--off and the reason given for his termination was untrue and pretextual.

13. The real reason for termination of the plaintiff's employment was: (1) because of his gender; (2) because of his failure to conform to his employer's religious beliefs; and/or (3) in retaliation for his complaints about harassment and because of his alleged threat to file a lawsuit against Wise on account of such harassment.

**V.  Causes of Action**

**Count I  - Violation of Civil Rights Act of 1964, 42 U.S.C. §2000e-1 et seq.**

14. Paragraphs 1 through 13 are incorporated by reference.

15. Wise's conduct, as described above, in subjecting Prowel to disparate treatment in the terms and conditions of his employment on the basis of his gender as described above unreasonably interfered with Prowel's ability to perform his work, and created an intimidating, humiliating and hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

16. Wise's conduct, as described above, in subjecting Prowel to disparate treatment in the terms and conditions of his employment on the basis of religion as described above unreasonably interfered with Prowel's ability to perform his work, and created an intimidating, humiliating and hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

17. Wise's conduct, as described above, was in retaliation against Prowel for complaining about the discriminatory conduct to which he was subjected and opposing practices made unlawful by the Title VII of the Civil Rights Act of 1964 and/or was because of Prowel's sex and religion.

18. As a result of Defendant's conduct, Prowel has suffered and continues to suffer lost wages, emotional distress, embarrassment and damage to professional reputation.

**Count II - Violation of Pennsylvania Human Relations Act 43 P.S. § 951 et. seq.**

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. The acts and omissions described above also violate the Pennsylvania Human Relations Act.

4

21. As a result of Defendant's conduct, Prowel has suffered and continues to suffer lost wages, emotional distress, embarrassment and damage to professional reputation.

WHEREFORE, on the basis of the foregoing, Prowel asks the Court to:

a. Assume jurisdiction of his case;

b. Find and declare that Defendant discriminated against Prowel in the terms, conditions, rights and privileges of his employment in violation of Title VII, and enjoin such further conduct by the employer;

c. Find and declare that Defendant has violated the Pennsylvania Human Relations Act, and enjoin such further conduct by the employer;

e. Award Prowel compensatory, liquidated, punitive and consequential damages;

f. Award Prowel such costs and expenses of suit, and reasonable attorney fees, expert witness costs, and such other relief as the Court deems necessary and proper after trial of this matter; and

g. Find for Prowel and against Defendant on all counts of this complaint.

Respectfully Submitted

/s/ Timothy P. O'Brien
Timothy P. O'Brien Esquire
PA I. D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219
(412) 232-4400

Attorney for plaintiff