IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN PROWEL, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:06-CV-00259 |
| ) | |
| v. ) | |
| ) | |
| WISE BUSINESS FORMS, INC. ) | |
| ) | |
| Defendant. ) | |

**ANSWER**

Defendant, Wise Business Forms, Inc. ("Wise"), by its counsel, hereby files the following Answer in the above-captioned case:

Answer

1. Wise admits that Plaintiff, Brian D. Prowel, has brought this civil action charging that he was subjected to sex discrimination, religious discrimination, and retaliation by his employer, Wise, and that Prowel has brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"). Wise denies the remaining averments of Paragraph 1 of Plaintiff's Complaint. By way of further answer, Wise states that Plaintiff's claims are claims for alleged discrimination and harassment based on Plaintiff's sexual orientation, that neither Title VII nor the PHRA prohibits discrimination or harassment based on sexual orientation, and that Plaintiff has characterized his claims as sex and religious discrimination claims in an effort to circumvent the language and clear statutory intent underlying Title VII and the PHRA.

-2-

2. Paragraph 2 of Plaintiff's Complaint states conclusions of law to which no response is required. Wise incorporates herein by reference its response to Paragraph 1 of Plaintiff's Complaint.

3. Wise denies that Plaintiff's rights have been violated and therefore denies that the alleged violations occurred in the Western District of Pennsylvania. The remaining averment of Paragraph 3 of Plaintiff's Complaint states a conclusion of law to which no response is required.

4. Admitted.

5. Wise admits that it is a Pennsylvania corporation. Wise denies that its principal place of business is located at 150 Kreiss Road, Butler, Butler County, Pennsylvania 16001. Wise admits that it has a place of business at that address. Wise denies as stated that, at all times relevant hereto, Wise was acting by and through its duly authorized agents and/or employees, who were then and there acting within the course and scope of their employment. By way of further answer, Wise states that Wise acts by and through its duly authorized agents and employees. At times relevant to this lawsuit, those agents and employees were acting within the course and scope of their employment.

6. Wise admits that Plaintiff was employed by Wise from July 1991 through December 13, 2004, during which time he held the position of an operator of the "Nale Encoder." Wise denies that Plaintiff adequately performed the duties of that position at all times relevant to Plaintiff's Complaint. Wise admits that Plaintiff was qualified and experienced to work on other machinery at Wise.

7. Denied.

00704561.DOC

8. Denied.

9. Wise denies that Plaintiff complained about alleged sex and religious-based harassment to his supervisors. Because no harassment occurred, and because there were no complaints of alleged harassment, there was no need for action to be taken to stop the alleged harassment.

10. Denied.

11. Admitted.

12. Wise denies as stated that the December 13, 2004 correspondence contended that Plaintiff's employment was terminated because his position was eliminated allegedly because there was a lack of work. By way of further answer, Wise states that the correspondence stated, in part, that Plaintiff's position was being eliminated and that Plaintiff's layoff was due to a lack of work. Wise denies as stated that Plaintiff was the only person laid off. By way of further answer, Wise states that, although Plaintiff was the only employee who was laid off at that time, Wise has laid off other employees at other times. Wise denies that the reason given for his termination was untrue and pretextual.

13. Denied.

14. Wise incorporates herein by reference its responses to Paragraphs 1-13 of Plaintiff's Complaint.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Wise incorporates herein by reference its responses to Paragraphs 1-18 of Plaintiff's Complaint.

20. Denied.

21. Denied.

### Affirmative Defenses

22. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

23. Plaintiff's claims are barred, in whole or in part, by the applicable administrative time limitations.

24. At all times relevant to Plaintiff's Complaint, Wise exercised reasonable care to prevent and correct promptly any harassing behavior.

25. To the extent that Plaintiff may have been subjected to behavior that he contends is harassment, Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Wise or to avoid harm otherwise.

26. Plaintiff has failed to exhaust his administrative remedies.

27. The exclusivity provision of the Pennsylvania Workers' Compensation Act bars Plaintiff's claims for damages for alleged emotional distress and embarrassment.

28. Upon information and belief, Plaintiff has failed to exercise reasonable diligence to mitigate his alleged damages.

-5-

29. To the extent that Plaintiff may be determined to be entitled to any damages in this case, Wise is entitled to an offset in the amount of earned income and other compensation that Plaintiff has received or, in the exercise of reasonable diligence, could have received since his employment termination.

WHEREFORE, Defendant, Wise Business Forms, Inc., respectfully requests that Plaintiff's Complaint be dismissed, with prejudice.

Respectfully submitted,

/s/ Kurt A. Miller
Kurt A. Miller
Pa. I.D. No. 37850

Amy J. Herne
Pa. I.D. No. 84324

THORP REED & ARMSTRONG, LLP
Firm I.D. No. 282
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219
(412) 394-2363

Attorneys for Defendant, Wise Business Forms, Inc.

00704561.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 5th day of May 2006, by U.S. Mail, first class, postage prepaid, as follows:

Timothy P. O'Brien, Esquire
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219

Katie R. Eyer, Esquire
1211 Chestnut Street, Suite 605
Philadelphia, PA  19107

/s/ Kurt A. Miller

00704561.DOC