IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN D. PROWEL, | ) |
| | ) |
| Plaintiff, | )   2:06-cv-259 |
| v. | ) |
| | ) |
| WISE BUSINESS FORMS, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER OF COURT

Pending before the Court for consideration and disposition is Plaintiff's MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. CIV. PRO. 37(a)(2)(B) (Document No. 14). Defendant has filed a brief in response (Document No. 15) and Plaintiff has filed a Surreply (Document No. 20). The matter is ripe for resolution.

Plaintiff was employed as a "nale encoder" at Defendant's factory in Butler, Pennsylvania. The Plaintiff alleges that he was wrongfully terminated from employment in retaliation for his complaints about harassment due to a perception that he is effeminate, does not meet male stereotypes and does not conform to his employer's religious beliefs. In his surreply, Plaintiff states that he is not contending that he was unlawfully terminated based on his sexual orientation. Defendant has asserted a legitimate, non-discriminatory reason for the discharge, namely that Plaintiff was terminated due to a lack of work.[1]

Plaintiff seeks to compel responses to interrogatories and document requests regarding employees who performed nale encoder work at Defendant's other facilities. These facilities are located in Miami, Florida, Alpharetta, Georgia, Ft. Wayne, Indiana, Portland, Maine and

---

[1]Defendant also contends, in the alternative, that Title VII and the PHRA do not prohibit employers from discharging employees based on their homosexuality.

Greenville, South Carolina.  Defendant objects to such discovery as irrelevant and burdensome. Defendant has submitted an affidavit describing the difficulties it would encounter in assembling the information sought by Plaintiff. Defendant also asserts that the decision to terminate Plaintiff was made solely at the Butler, Pennsylvania plant, and that no nale encoder work was transferred to any other facility.

Plaintiff argues strenuously that he is not required to accept Defendant's assertion at face value.  The Court agrees.  Plaintiff should be entitled to test the veracity of Wise's assertion that no nale encoder work was transferred to other facilities during the relevant period of time. Discovery narrowly targeted at verifying or casting doubt on Defendant's asserted reason for the discharge and that no work was transferred would be relevant.  Fed. R. Civ. P. 26(b).

However, that is not the focus of the discovery sought by the pending motion to compel. Instead, Plaintiff seeks wide-ranging information about specific employees at other facilities.  No foundation has been laid for discovery of such employee-specific information at other facilities. At present, the record shows Defendant's uncontroverted assertion that only the Butler, Pennsylvania facility is relevant.  Unless Plaintiff is able to demonstrate some link between other facilities and the issues in this case, the details of employee data at those distant facilities are irrelevant and responding to such discovery is overly burdensome.  Accordingly, Plaintiff's MOTION TO COMPEL DISCOVERY PURSUANT TO FED. R. CIV. PRO. 37(a)(2)(B) (Document No. 14) is hereby **DENIED**.

SO ORDERED this 23rd day of February, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Timothy P. O'Brien, Esquire
Email: tpob@icubed.com
Katie R. Eyer
Center for Lesbian and Gay Civil Rights
Email: keyer@center4civilrights.org

Kurt A. Miller, Esquire
Email: kmiller@thorpreed.com